UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------ X
C. E.,                          :

                    Plaintiff,    :    Civ. Action No. 3:20-CV-233[DNH/ML]

      -against-              :

EDUCATION PLUS, CORP. d/b/a THE   :    **COMPLAINT**
FAMILY FOUNDATION SCHOOL,
DIOCESE OF ALBANY a/k/a           :
THE ROMAN CATHOLIC DIOCESE             (Jury Trial Demanded)
OF ALBANY, ST. PAUL THE APOSTLE   :
CHURCH                                 ECF Case
                                  :
                    Defendant.
                                  :
------------------------------ X

      Plaintiff, VICTIM, by his attorneys DeSimone & Associates, LLC, by way of Complaint against defendants, Education Plus, Corp. d/b/a The Family Foundation School, Diocese of Albany a/k/a The Roman Catholic Diocese of Albany and St. Paul the Apostle Church alleges as follows:

## PRELIMINARY STATEMENT

      1.    This is an action, based upon diversity jurisdiction, in which Plaintiff, VICTIM seeks compensatory and punitive damages, an award of costs, interest and attorneys' fees, and such other and further relief as this Court deems just and proper, for negligent acts of Defendant Education Plus, Corp. d/b/a The Family Foundation School ("FFS"), Diocese of Albany a/k/a The Roman Catholic Diocese of Albany ("Diocese") and St. Paul the Apostle Church ("St. Paul") in connection with Plaintiff's attendance at the private school Family Foundation School in Hancock, New York. Plaintiff brings this lawsuit alleging against defendants claims of negligent hiring, training, supervision and retention of employees that placed him in a position to

be sexually abused throughout his attendance at FFS causing him severe physical and emotional harm.

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction herein pursuant to 28 U.S.C. §1332(a) as no plaintiff and no defendant are citizens of the same state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is this District is proper under 28 U.S.C. §1391(b) as a substantial portion of the events or omissions giving rise to this claim occurred within the boundaries of the Northern District of New York.

## JURY TRIAL DEMAND

4. Plaintiff demands a trial by jury on each and every one of this claims as pleaded herein.

## PARTIES

5. Plaintiff, VICTIM, a resident of the Commonwealth of Pennsylvania, County of Monroe, attended FFS from October of 2000 through October of 2001, during which time he was sexually abused.

6. Plaintiff, born on Xxxx xx, xxxx, was a minor when the injuries alleged herein occurred. Under the law of New York, CPLR 208(b), the statute of limitations is tolled by a period of thirty-seven (37) years from the date of his eighteenth birthday to commence litigation.

7. At all times alleged herein, defendant Education Plus, Corp., formerly known as Family Foundation School, located at 431 Chapel Hill Road, Hancock, New York, was a New York Domestic Business Corporation.

8. At all times alleged herein, defendant Diocese of Albany a/k/a The Roman Catholic Diocese of Albany ("Diocese") was an organization or entity authorized to conduct business in the State of New York with its principal place of business at 40 North Main Avenue, Albany, New York 12203.

9. Diocese was created in approximately 1847.

10. Thereafter, the Diocese created a corporate entity called the Diocese of Albany to conduct some of its affairs.

11. The Diocese operates its affairs as both a corporate entity and as the organization known the Diocese of Albany.

12. At all times alleged herein, defendant St. Paul the Apostle Church ("St. Paul") was and continues to be an organization authorized to conduct business in the State of New York, with its principal place of business at 346 West Main Street, Hancock, New York 13783.

13. At all times alleged herein, St. Paul was under the authority of the Diocese.

## STATEMENT OF FACTS

14. During the time period of October of 2000 through October of 2001, FFS operated as a for profit private boarding school for children in grades 9 through 12 and promoted itself as offering daily therapeutic sessions as well as weekly individualized therapy and family therapy sessions.

15. Prior to October of 2000, VICTIM was experiencing difficulty in his local High School, which caused him to consistently skip school. As a result, his parents determined that it would be best for him to attend school in a new and different environment that provided therapeutic and counseling services.

16. At all times alleged herein, there were approximately, 125-150 students enrolled at FFS.

17. At all times alleged herein, FFS consisted of a school building where classes and therapy sessions took place. The kitchen and cafeteria were located in this building. In addition to this building, FFS maintained two trailers that it used as dormitories to house its students.

18. At all times alleged herein, Mr. Anthony Emanuel Agiros and his wife Betty, owned and operated FFS.

19. At all times alleged herein, FFS employed Ms. Robin Ducey as the Principal of the school.

20. At all times alleged herein, FFS employed Mr. Michael Ducey as a counselor.

21. At all times alleged herein, FFS employed Mr. Joseph Rognalovich as a staff member who worked as a school driver.

22. At all times alleged herein, FFS employed Father Stephen Morris ("Father Morris") as the Chaplain of the FFS.

23. At all times alleged herein, Father Morris was a Roman Catholic priest employed by the Diocese and St. Paul.

24. At all times alleged herein, Father Morris, remained under the supervision of the Diocese.

25. At all times alleged herein, Father Morris remained under the supervision of St. Paul.

## *Acts Leading to Sexual Abuse*

26. At the time VICTIM enrolled as a student at FFS, a staff member as well as two students stripped him naked and applied lice shampoo to the hair on his head as well as his pubic

4

hair. The FFS staff and students then performed a search of his anal cavity in order to determine whether he attempted to smuggle drugs into the school.

27. During his time at FFS, faculty members Michael Ducey and Robin Ducey ran so-called group therapy sessions that were called "table topics." During "table topics," Michael and Robin forced students, including VICTIM, to admit to drug use and sexual misconduct.

28. Michael Ducey, Robin Ducey and other faculty members punished or "sanctioned" VICTIM for admitting to past sexual misconduct by: (i) locking him in an insolation room that smelled like fecal matter; (ii) forcing VICTIM to stand in the corner of the classroom for up to 10 hours at a time; and (iii) forcing him to perform hard labor such as carrying buckets filled with rocks and shoveling snow for several hours at a time.

29. The "sanctions" the faculty imposed on VICTIM included "exile," which meant that VICTIM, for a period of 30 days, was forbidden from speaking to anyone, forbidden from attending classes and was forced to perform hard labor.

30. In addition to "table topics" sessions, the faculty forced VICTIM to attend "sex group" sessions Michael Ducey and Robin Ducey conducted on a weekly basis. During "sex group," VICTIM and other students, including 13 and 14 year old students, were forced to admit that they engaged in the act of masturbation, and provide extensive details of each act to the group.

31. During "sex group," Michael Ducey forced VICTIM to admit that he was gay and told VICTIM being gay was immoral and acting on his sexuality was sexual misconduct.

### *Sexual Abuse as Defined by NY Penal Code Article 130*

32. As a result of the wrongful acts committed by the FFS faculty, VICTIM was subjected to sexual abuse as defined by New York Penal Code Article 130 as a result of being placed into a position of weakness and vulnerability.

33. In the early-to-mid Spring of 2001, Father Morris took a group of 20 male students from FFS on a school-sponsored retreat to the town of Starlight, Pennsylvania. During that retreat, Father Morris took the group on a hike in the woods. Father Morris directed the group to hike ahead of him and VICTIM, and then took VICTIM to the side of a creek and sodomized him.

34. Afterwards, Father Morris threatened VICTIM not to tell anyone of this act of sexual abuse, and told VICTIM that that no one would believe any of C.E.' complaints.

35. In addition to being sodomized by Father Morris, Joseph Rognalovich a staff member of the school employed as a bus driver groped C.E.' penis during a trip to Binghamton, New York where VICTIM was scheduled to visit a doctor.

36. Fearing that the faculty would punish him with isolation and/or hard labor, VICTIM did inform anyone of these incidents of sexual abuse.

### FIRST CAUSE OF ACTION AGAINST FFS
### (Negligent Hiring)

37. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

38. At all times alleged herein, the faculty of FFS, including Michael Ducey and Robin Ducey were in an employer-employee relationship with FFS.

39. At all times alleged herein, the staff of FFS, including Father Morris and Joseph Rognalovich were in an employer-employee relationship with FFS.

6

40. FFS owed its students, including VICTIM, a duty of care to perform the requisite screening of faculty in order to hire competent and morally fit employees.

41. FFS owed its students, including VICTIM, a duty of care to perform screening of staff in order hire employees who were competent and morally fit to work in close proximity to the minor students of FFS.

42. FFS, a for profit private boarding school for children in grades 9 through 12 that promoted itself as offering daily therapeutic sessions as well as weekly individualized therapy and family therapy sessions knew or should have known of the propensity of its faculty, including Michael Ducey and Robin Ducey to subject its minor students, including VICTIM, to sexual abuse prior to the sexual abuse of VICTIM, as set forth above.

43. FFS, a for profit private boarding school for children in grades 9 through 12 promoted itself as offering daily therapeutic sessions as well as weekly individualized therapy and family therapy sessions knew or should have known of the propensity of its staff, including Father Morris and Joseph Rognalovich to sexually abuse the minor students of FFS prior to his sexual abuse of VICTIM, as set forth above.

44. The wrongful acts committed by the faculty and staff of FFS, as set forth above were committed in connection with FFS school functions and events.

45. The wrongful acts committed by the faculty and staff of FFS, as set forth above, were the proximate cause of severe physical and emotional harm to VICTIM that continue to this day.

46. Based on the foregoing, FFS is liable to VICTIM for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent hiring of the faculty and staff of FFS.

7

## SECOND CAUSE OF ACTION AGAINST FFS
### (Negligent Training)

47. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

48. FFS owed its students, including VICTIM, a duty of care to properly train its faculty to ensure that faculty educate and provide therapy to its students in a competent and morally-fit manner.

49. FFS owed its students, including VICTIM, a duty of care to train staff members to ensure that those employees were competent and morally fit to work in close proximity to its minor students.

50. FFS, a for profit private boarding school for children in grades 9 through 12 that promoted itself as offering daily therapeutic sessions as well as weekly individualized therapy and family therapy sessions failed to properly train its faculty and staff, and knew or should have known that a failure to do so would result in the sexual abuse of the minor students of FFS, including the sexual abuse of VICTIM, as set forth above.

51. The wrongful acts of the faculty and staff of FFS, as set forth above, were committed in connection with school functions and events.

52. The wrongful acts of the faculty and staff of FFS, as set forth above, were the proximate cause of severe physical and emotional harm to VICTIM that continue to this day.

53. Based on the foregoing, FFS is liable to VICTIM for compensatory and punitive damages in an amount to be determined at trial resulting from its negligent training of the faculty and staff of FFS.

## THIRD CAUSE OF ACTION AGAINST FFS

### (Negligent Supervision)

54. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

55. FFS owed its students, including VICTIM, a duty of care to properly supervise its faculty and staff to safeguard its students from sexual abuse.

56. FFS, a for profit private boarding school for children in grades 9 through 12 that promoted itself as offering daily therapeutic sessions as well as weekly individualized therapy and family therapy sessions failed to properly supervise its faculty and staff, and knew or should have known that a failure to do so would result in the sexual abuse of the minor students of FFS, including the sexual abuse of VICTIM, as set forth above.

57. The wrongful acts committed by the faculty and staff of FFS, as set forth above, were committed in connection with school functions and events.

58. The wrongful acts committed by the faculty and staff of FFS, as set forth above, were the proximate cause of severe physical and emotional harm to VICTIM that continue to this day.

59. Based on the foregoing, FFS is liable to VICTIM for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent supervision of the faculty and staff of FFS.

### FOURTH CAUSE OF ACTION AGAINST FFS
### (Negligent Retention)

60. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

9

61. FFS owed its students, including VICTIM, a duty of care to properly investigate the complaints of sexual abuse committed by its employees as well as the conduct of its employees to safeguard its minor students, including VICTIM, from sexual abuse.

62. Upon information and belief, students and others had complained of sexual abuse committed by Father Morris and Joseph Rognalovich prior to the sexual abuse of VICTIM, as set forth above.

63. FFS, a for profit private boarding school for children in grades 9 through 12 that promoted itself as offering daily therapeutic sessions as well as weekly individualized therapy and family therapy sessions failed to properly investigate the complaints of sexual abuse committed by Father Morris and Joseph Rognalovich as well as the conduct of its faculty and staff as set forth above, and knew or should have known that a failure to do so would result in continued sexual abuse of C.E..

64. The wrongful acts committed by the faculty and staff of FFS, as set forth above, were committed in connection with school functions and events.

65. The wrongful acts committed by the faculty and staff of FFS, as set forth above, were the proximate cause of severe physical and emotional harm to VICTIM that continue to this day.

66. Based on the foregoing, FFS is liable to VICTIM for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent retention of employees that sexually abused VICTIM and/or placed VICTIM in a position to be sexually abused.

**FIFTH CAUSE OF ACTION AGAINST FFS**
**(Negligence)**

67. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

68. FFS owed its students, including VICTIM, a duty of care to ensure that its faculty was competent and morally fit to educate and provide therapy to its minor students, including C.E..

69. FFS owed its students, including VICTIM, a duty of care to ensure its staff members were competent and morally fit to work in close proximity to its minor students.

70. FFS, a for profit private boarding school for children in grades 9 through 12 that promoted itself as offering daily therapeutic sessions as well as weekly individualized therapy and family therapy sessions knew or should have known of the propensity of its faculty, including Michael Ducey and Robin Ducey to engage in wrongful conduct that would lead to the sexual abuse of the minor students of FFS, prior to the sexual abuse of VICTIM, as set forth above.

71. FFS, a for profit private boarding school for children in grades 9 through 12 that billed itself as offering daily therapeutic sessions as well as weekly individualized therapy and family therapy sessions knew or should have known of the propensity of its staff, including Father Morris and Joseph Rognalovich to engage in sexual abuse of the minor students of FFS prior to their acts of sexual abuse of VICTIM, as set forth above.

72. The wrongful acts committed by the faculty and staff of FFS, as set forth above were committed in connection with school functions and events.

73. The wrongful acts committed by the faculty and staff of FFS, as set forth above, were the proximate cause of severe physical and emotional harm to VICTIM that continue to this day.

74. Based on the foregoing, FFS is liable to VICTIM for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent failure to safeguard VICTIM from sexual abuse committed by the faculty and staff of FFS.

## SIXTH CAUSE OF ACTION AGAINST FFS
### (Negligent Infliction of Emotional Distress)

75. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

76. In failing to prevent the acts of sexual abuse of VICTIM committed by its faculty and staff, FFS acted in blatant disregard of the high degree of probability of the severe emotional distress and physical harm that VICTIM would directly suffer.

77. The failure of FFS to safeguard VICTIM from sexual abuse committed by the faculty and staff of FFS was outrageous and extreme as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

78. The failure of FFS to safeguard VICTIM from sexual abuse committed by the faculty and staff of FFS proximately caused VICTIM to directly suffer severe physical harm and emotional distress.

79. Based on the above, FFS is liable to VICTIM for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent infliction of emotional distress.

## SEVENTH CAUSE OF ACTION AGAINST DIOCESE AND ST. PAUL

### (Negligent Hiring)

80.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

81.     At all times alleged herein, Father Morris was employed the Diocese and St. Paul.

82.     The Diocese and St. Paul owed to minors, including VICTIM, a duty of care to perform the requisite screening of priests in order to ensure the health and well-being of minors.

83.     The Diocese and St. Paul knew or should have known of the propensity of Father Morris to subject minors, including VICTIM, to sexual abuse prior to the sexual abuse of VICTIM, as set forth above.

84.     The wrongful acts committed by Father Morris, as set forth above were committed in connection with his spiritual guidance of minors at FFS.

85.     The wrongful acts committed by Father Morris, as set forth above, were the proximate cause of severe physical and emotional harm to VICTIM that continue to this day.

86.     Based on the foregoing, the Diocese and St. Paul are liable, jointly and severally, to VICTIM for compensatory and punitive damages in an amount to be determined at trial as a result of their negligent hiring of Father Morris.

### EIGHTH CAUSE OF ACTION AGAINST DIOCESE AND ST. PAUL
### (Negligent Training)

87.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

13

88. The Diocese and St. Paul owed minors, including VICTIM, a duty of care to properly train its priests to ensure that they educated and provided spiritual guidance to minors in a competent and morally-fit manner.

89. The Diocese and St. Paul, and knew or should have known that a failure to do so would result in the sexual abuse of minors, including the sexual abuse of VICTIM, as set forth above.

90. The wrongful acts committed by Father Morris, as set forth above were committed in connection with his spiritual guidance of minors at FFS.

91. The acts of wrongful acts of Father Morris, as set forth above, were the proximate cause of severe physical and emotional harm to VICTIM that continue to this day.

92. Based on the foregoing, the Diocese and St. Paul are liable to VICTIM, jointly and severally, for compensatory and punitive damages in an amount to be determined at trial resulting from the negligent training of the Father Morris.

### NINTH CAUSE OF ACTION AGAINST DIOCESE AND ST. PAUL
### (Negligent Supervision)

93. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

94. The Diocese and St. Paul owed minors, including VICTIM, a duty of care to properly supervise its priests to safeguard minors from sexual abuse.

95. The Diocese and St. Paul failed to properly supervise its Father Morris, and knew or should have known that a failure to do so would result in the sexual abuse of minors, including the sexual abuse of VICTIM, as set forth above.

96.  The wrongful acts committed by Father Morris, as set forth above were committed in connection with his spiritual guidance of minors at FFS.

97.  The wrongful acts committed by Father Morris, as set forth above, was the proximate cause of severe physical and emotional harm to VICTIM that continue to this day.

98.  Based on the foregoing, the Diocese and St. Paul are jointly and severally liable to VICTIM for compensatory and punitive damages in an amount to be determined at trial as a result of their negligent supervision of Father Morris.

## TENTH CAUSE OF ACTION AGAINST DOICESE AND ST. PAUL
### (Negligent Retention)

99.  Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

100. The Diocese owed minors, including VICTIM, a duty of care to properly investigate the complaints of sexual abuse committed by its priests to safeguard minors, including VICTIM, from sexual abuse.

101. Upon information and belief, students and others had complained of sexual abuse committed by Father Morris prior to the sexual abuse of VICTIM, as set forth above.

102. The Diocese and St. Paul failed to properly investigate the complaints of sexual abuse committed by Father Morris as set forth above, and knew or should have known that a failure to do so would result in continued sexual abuse of C.E..

103. The wrongful acts committed by Father Morris, as set forth above were committed in connection with his spiritual guidance of minors at FFS.

104. The wrongful acts committed by Father Morris, as set forth above, were the proximate cause of severe physical and emotional harm to VICTIM that continue to this day.

105. Based on the foregoing, the Diocese and St. Paul are jointly and severally liable to VICTIM for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent retention of Father Morris.

### ELEVENTH CAUSE OF ACTION AGAINST DIOCESE AND ST. PAUL
### (Negligence)

106. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

107. The Diocese and St. Paul owed minors, including VICTIM, a duty of care to ensure that its priests were competent and morally fit to educate and provide spiritual guidance to minors, including C.E..

108. The Diocese and St. Paul knew or should have known of the propensity of Father Morris to sexually abuse minors prior to his acts of sexual abuse of VICTIM, as set forth above.

109. The wrongful acts committed by Father Morris, as set forth above were committed in connection with his spiritual guidance of minors at FFS.

110. The wrongful acts committed by Father Morris, as set forth above, were the proximate cause of severe physical and emotional harm to VICTIM that continue to this day.

111. Based on the foregoing, the Diocese and St. Paul are jointly and severally liable to VICTIM for compensatory and punitive damages in an amount to be determined at trial as a result of their negligent failure to safeguard VICTIM from sexual abuse committed by Father Morris.

16

### TWELFTH CAUSE OF ACTION AGAINST DIOCESE AND ST. PAUL
### (Negligent Infliction of Emotional Distress)

112.   Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

113.   In failing to prevent the acts of sexual abuse of VICTIM committed by Father Morris, the Diocese and St. Paul acted in blatant disregard of the high degree of probability of the severe emotional distress and physical harm that VICTIM would directly suffer.

114.   The failure of the Diocese and St. Paul to safeguard VICTIM from sexual abuse committed by Father Morris was outrageous and extreme as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

115.   The failure of the Diocese and St. Paul to safeguard VICTIM from sexual abuse committed by Father Morris proximately caused VICTIM to directly suffer severe physical harm and emotional distress.

116.   Based on the above, the Diocese and St. Paul are jointly and severally liable to VICTIM for compensatory and punitive damages in an amount to be determined at trial as a result of their negligent infliction of emotional distress.

**WHEREFORE**, Plaintiff, VICTIM, demands the following relief against Defendants Education Plus, Corp. d/b/a The Family Foundation School, Diocese of Albany a/k/a The Roman Catholic Diocese of Albany and St. Paul the Apostle Church, jointly and severally:

A.   Compensatory damages in an amount to be determined by jury at the time of trial;

B.   Punitive damages in an amount to be determined by jury at the time of trial;

C.   Attorneys' fees, costs and interest; and

D.   Such other and further relief as this Court deems just and proper.

Dated:  New York, New York
       February 29, 2020

                                  RALPH DESIMONE, ESQ. (RD-5634)
                                  DESIMONE & ASSOCIATES. LLC
                                  745 Fifth Avenue, Suite 500
                                  New York, New York 10151
                                  (646) 776-7425 (telephone)
                                  (212) 207-3111 (facsimile)